IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

VAUGHN RENTALS, LLC, CRAIG'S
CARPET, INC. and GEORGIA
CARPET INDUSTRIES, INC.,

      Plaintiffs,

v.

AUTO-OWNERS INSURANCE
COMPANY and OWNERS
INSURANCE COMPANY,

      Defendants.

Civil Action File
No. 4:16-cv-00009-HLM

## <u>DEFENDANTS' INITIAL DISCLOSURES</u>

COME NOW AUTO-OWNERS INSURANCE COMPANY and OWNERS

INSURANCE COMPANY, Defendants in the above-styled action, and, pursuant

to Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.1, provide

the following initial disclosures:

1.

If the Defendants are improperly identified, state Defendants' correct

identification and state whether Defendants will accept service of an amended

summons and complaint reflecting the information furnished in this disclosure

response.

**Response**:

**Defendants are correctly identified.**

2.

Provide the names of any parties whom Defendants contend are necessary parties to this action, but who have not been named by Plaintiffs.  If Defendants contend that there is a question of misjoinder of parties, provide the reasons for Defendants' contention.

**Response**:

**Defendants are presently unaware of any necessary parties to this action that have not been named by Plaintiffs.  Defendants do not contend that there has been a misjoinder of parties.**

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendants in the responsive pleading.

**Response**:

**Defendants have not asserted any counterclaims or crossclaims. Defendants contend that: (i) Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted; (ii) Plaintiffs are not entitled to recover from Defendants as set forth in the Complaint because Plaintiffs did**

not actually suffer damages as alleged; (iii) Plaintiffs fail to state a claim for special damages, as such damages are not pled with specificity; and (iv) the damages claimed by Plaintiffs were caused, in part, by Plaintiffs' own contributory and/or comparative negligence.

The basis for these defenses is as follows:  Plaintiffs allege that they sustained property damages allegedly caused by a storm on December 23, 2014, in Dalton, Georgia (the "Storm").  Plaintiffs allege that the Storm caused damage to their property at 3352A-C Lower Dug Cap Road, Dalton, Georgia, 30720 (the "Property").  Specifically, they contend that the damages were caused by wind and ensuing rain infiltration at the Property, and that the damages sustained include those to the exterior and interior of the Property as well as to inventory maintained therein.

Plaintiffs filed claims with their insurers, Defendants Auto-Owners Insurance Company and Owners Insurance Company, based on their contention that damages to the exterior, interior, and the contents of their property were covered by the pertinent insurance policies.  Defendants thoroughly evaluated these claims and determined that they were not covered. Specifically, after fully investigating Plaintiffs' claims, including retaining and relying upon reports conducted by third-party experts who were called upon

to assess Plaintiffs' alleged damages and the cause thereof, Defendants concluded that the alleged exterior roof system damage was not caused by a covered cause of loss and, as a result, no coverage exists for interior or contents damage either.  Auto-Owners sent Plaintiffs a letter dated December 3, 2015, informing Plaintiffs that coverage was denied.  Defendants maintain that their thorough evaluation was correct and that coverage was properly denied.  Defendants further believe that Plaintiffs' own actions and inactions were the cause of the purported damages for which they seek to recover and that they were not covered under the pertinent insurance policies for the reasons set forth herein.  The above summarizes the factual basis for the defenses asserted by Defendants in their Answer.

In further response, Defendants state that discovery in this matter has not yet been conducted.  Defendants hereby reserve all of their defenses, and will fully explore the factual basis of all possible defenses raised when discovery is underway.

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.

**Response**:

- **Rules for interpretation of contracts generally – O.C.G.A. §§ 13-2-1, 13-2-2 *et seq.*;**

- **Insurance contract interpretation – O.C.G.A. § 33-24-16; and**

- **Common law breach of contract principles.**

   **Defendants also rely on case law interpreting and aplpying the above-referenced statutes and common law duties under factual scenarios analogous to those at issue in the present litigation.**

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A).

**Response**:

**See Attachment A.**

6.

Provide the name of any person whom may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B).

**<u>Response</u>:**

**Defendants have not at this time identified any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Defendants will timely supplement their response to this Initial Disclosure if and when necessary.**

7.

Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C).

**<u>Response</u>:**

**See Attachment C.**

8.

In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category

and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**Response:**

**Defendants claim no damages at this time. Defendants will timely supplement their response to this Initial Disclosure if and when necessary.**

9.

If Defendants contend that some other person or legal entity is, in whole or in part, liable to the Plaintiffs or Defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:**

**Defendants do not at this time contend that some other person or legal entity is, in whole or in part, liable to the Plaintiffs or Defendants in this matter. Defendants will timely supplement their response to this Initial Disclosure if and when necessary.**

10.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

**Response**:

**Defendants will make copies of the insurance policies at issue in this matter available to Plaintiffs for review and copying.**

This 19th day of February, 2016.

Respectfully submitted,

KENDALL LAW GROUP, LLC

/s/ Samantha R. Mandell
Michael C. Kendall
Georgia Bar No. 414030
Samantha R. Mandell
Georgia Bar No. 141689
*Counsel for Defendants*

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:  (770) 577-3559
Facsimile:   (770) 577-8113
mckendall@kendall-lawgroup.com
srmandell@kendall-lawgroup.com

# ATTACHMENT A

1.  Personnel with Auto-Owners Insurance Company and Owners Insurance Company, including but not limited to Cody Culbert and Brad Simpson, c/o Kendall Law Group, LLC, 3152 Golf Ridge Blvd., Suite 201, Douglasville, Georgia; telephone number (770) 577-3559.  Mr. Culbert and Mr. Simpson are believed to have knowledge regarding the facts surrounding the claim submitted by Plaintiffs, Auto-Owners and Owners' claim handling, and the pertinent policies issued by Auto-Owners and Owners.

2.  Ryan Vaughn with Vaughn Rentals, LLC, c/o Nicole Vinson, Esq., Merlin Law Group, P.A., 777 S. Harbour Island Blvd., Suite 950, Tampa, Florida 33602.  Mr. Vaughn is believed to have knowledge regarding the facts surrounding the loss and claim at issue in the case.

3.  Craig Vaughn with Craig's Carpets, Inc. and Vaughn Rentals, LLC, c/o Nicole Vinson, Esq., Merlin Law Group, P.A., 777 S. Harbour Island Blvd., Suite 950, Tampa, Florida 33602.  Mr. Vaughn is believed to have knowledge regarding the facts surrounding the loss and claim at issue in the case.

4.  Jason E. Saylors, VeriClaim, Inc., 711 Signal Mountain Road, #177, Chattanooga, Tennessee 37405; telephone number 423-762-8117.  Mr. Saylors is believed to have knowledge regarding the investigation of the damage to the building at issue in the claim submitted by the Plaintiffs.

5.  Camelo Garrido, 2030 Powers Ferry Rd., Suite 224, Atlanta, Georgia; telephone number (770) 436-9399.  Mr. Garrido is believed to have knowledge regarding the investigation of the damage to the building at issue in the claim submitted by the Plaintiffs.

6.  Dan Stoufer, Jansen International, LLC, 922 West Greens Road, Houston, Texas 77067.  Mr. Stoufer is believed to have knowledge regarding the investigation of the damage to the building at issue in the claim submitted by the Plaintiffs.

7.  Jerry W. Hopkins, Construction Consulting Services, Inc., 565 Laurel Oaks Lane, Suite B100, Milton, Georgia 30004.  Mr. Hopkins is believed to have

knowledge regarding the investigation of the damage to the building at issue in the claim submitted by the Plaintiffs.

In further response, Auto-Owners and Owners state that discovery in this matter has not yet begun.  As discovery proceeds, Auto-Owners and Owners will supplement their Initial Disclosures if and when necessary.

## **ATTACHMENT B**

None at this time.  Defendants will timely supplement their response to this Initial Disclosure if and when necessary.

## ATTACHMENT C

1. Tailored Protection insurance policy issued to Vaughn Rentals, Inc. by Owners Insurance Company, policy number 134618-48145059-14

2. Tailored Protection insurance policy issued to Craig's Carpets, Inc. d/b/a Georgia Carpet Industries, by Owners Insurance Company, policy number 054618-48227720-14.

3. Correspondence exchanged between and among Defendants (or their agents and representatives) and Plaintiffs (and their agents and representatives).

4. Reports and correspondence generated by various investigators, inspectors, experts and other third parties.

In further response, Auto-Owners and Owners state that discovery in this matter has not yet been conducted. As discovery proceeds, Auto-Owners and Owners will supplement their Initial Disclosures if and when necessary.

## **ATTACHMENT D**

None at this time.  Defendants will timely supplement their response to this

Initial Disclosure if and when necessary.

## **ATTACHMENT E**

Defendants will make copies of the insurance policies at issue in this matter available to Plaintiffs for review and copying.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| VAUGHN RENTALS, LLC, CRAIG'S CARPET, INC. and GEORGIA CARPET INDUSTRIES, INC., | |
| Plaintiffs, | |
| v. | Civil Action File No. 4:16-cv-00009-HLM |
| AUTO-OWNERS INSURANCE COMPANY and OWNERS INSURANCE COMPANY, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Defendants Initial Disclosures** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Nicole Vinson, Esq.
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602

This 19th day of February, 2016.

/s/ Samantha R. Mandell
Samantha R. Mandell